JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ORLOFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINNESOTA LIFE INSURANCE COMPANY;<br>STANDARD INSURANCE COMPANY;<br>STANCORP FINANCIAL GROUP;<br>LINK-ALLEN AND ASSOCIATES;<br>455 LINK-ALLEN AND ASSOCIATES; and<br>DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-CV-06664-JWH (JPRx)<br><br>**ORDER ON MOTION TO REMAND TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES [14]** |

## I. BACKGROUND

Before the Court is the motion of Plaintiff George Orloff to remand this case to state court.[1] On December 16, 2019, Dr. Orloff commenced this case by filing a Complaint in Los Angeles County Superior Court against Defendants Minnesota Life Insurance Company; Standard Insurance Company; Stancorp Financial Group; Link-Allen and Associates, Inc.; 455 Link-Allen and Associates; and Does 1 through 50.[2] The Complaint contains three causes of action: (1) Breach of Contract; (2) Declaratory Relief; and (3) Breach of Implied Covenant of Good Faith and Fair Dealing. On July 24, 2020, three of the Defendants—Standard Insurance Company, Stancorp Financial Group, and Minnesota Mutual Life Insurance (the "Removal Defendants")—removed the action to this Court.[3] Dr. Orloff filed the instant Motion on August 24, 2020.[4] The Removal Defendants opposed on October 19,[5] and Dr. Orloff replied on November 2.[6]

## II. FACTS

Dr. Orloff alleges the following facts: Dr. Orloff and corporations Link-Allen and 445 Link-Allen reside in California.[7] Defendants are "insurance carriers and/or claim adjusting services and/or uncaptured insurance agents . . . in the business of advertising, selling, issuing, adjusting and delivering policies of

---

[1]   Pl.'s Mot. to Remand to the Superior Court of the State of California for the County of Los Angeles (the "Motion") [ECF No. 14].
[2]   Pl.'s Compl. (the "Complaint") [ECF No. 1-2].
[3]   Defs.' Notice of Removal (the "Removal Notice") [ECF No. 1]. As of the date of removal—July 24, 2020—Dr. Orloff had not yet accomplished service of process on the two Link-Allen defendants; they were served on August 26, 2020. See Notice of Filing Proofs of Service in Los Angeles Superior Court [ECF No. 15].
[4]   See Motion.
[5]   Defs.' Opp'n to Motion (the "Opposition") [ECF No. 21].
[6]   Pl.'s Reply in Supp. of Motion (the "Reply") [ECF No. 23].
[7]   Complaint at ¶¶ 2 & 3.

insurance," engaged in a joint venture together.[8]  Prior to 1999, Defendants issued Dr. Orloff, a physician, disability insurance policies.[9]

On July 9, 2016, Dr. Orloff was involved in a car accident that left him permanently disabled.[10]  However, Defendants refuse to pay Dr. Orloff the benefits to which he believes his insurance policy entitles him.[11]

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations omitted).  As such, a defendant may remove civil actions (1) in which a federal question exists; or (2) in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

The right to remove is not absolute, even where original jurisdiction exists.  A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought."  28 U.S.C. § 1441(b)(2).  A defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).

---

[8]    *Id.* at ¶¶ 4, 5, & 15.
[9]    *Id.* at ¶¶ 7-12.
[10]   *Id.* at ¶ 14.
[11]   *Id.* at ¶¶ 16-18.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM (PLAx), 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014) (citations omitted). The Court must resolve doubts regarding removability in favor of remand. *Id.*

But removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). As the Ninth Circuit has explained, "fraudulent joinder is a term of art," and it requires courts to determine whether a plaintiff has failed to state a cause of action against a resident defendant. *Id.* "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318. Thus, the defendant must show that there is no possibility that the plaintiff could prevail on any cause of action that it asserted against the non-diverse defendant. *Ritchey*, 139 F.3d at 1318; *see also Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (defendant seeking removal based on alleged fraudulent joinder "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant" but must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In other words, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the

resident defendant is fraudulent." *Id.* Thus, while a court considers evidence in addition to the complaint, it looks to see "whether the plaintiff has stated a claim—*not* whether she has proven it." *Randall v. Cambria Co., LLC*, No. EDCV 17-1362 JGB (KKx), 2017 WL 3503649, at *4 (C.D. Cal. Aug. 16, 2017) (emphasis in original).

## IV. DISCUSSION

The Removal Defendants removed this action to federal court because, they assert, Link-Allen and 455 Link-Allen are sham defendants; without these two California corporations, complete diversity exists.[12] In the Removal Notice, the Removal Defendants assert that the complaint contains "no facts alleging that [Link-Allen or 455 Link-Allen] is a party to one or more of the contracts, or administered one or more of the contracts, or otherwise engaged in any identified acts purportedly giving rise to liability."[13]

Dr. Orloff's Motion avers that Link-Allen sold the insurance contracts in question to him.[14] Dr. Orloff also alleges that Link-Allen is a member of a joint venture with the Removal Defendants according to California law, which makes him liable for their conduct within the scope of the joint venture.[15] The Removal Defendants' Opposition avers that Link-Allen did not sell the insurance policy to Dr. Orloff;[16] that Link-Allen is the servicing provider for Dr. Orloff's policy but is not in a joint venture with the Removal Defendants and, therefore, that

---

[12] Removal Notice at ¶¶ 5 & 6. The amount in controversy and the timeliness of removal are not disputed. *See generally id.*

[13] Removal Notice at ¶ 5.

[14] Motion at 6. The Motion does not cite to the complaint or to other evidence for this fact.

[15] Motion at 12 & 14. Dr. Orloff alleges, and Defendants do not contest, that under the *Erie* doctrine, California's substantive laws apply for the purposes of this motion. Motion at 11; Opposition at 7.

[16] Opposition at 2 (citing Decl. of Kristyn Byrd at ¶¶ 5 & 6 (the "Byrd Declaration") [ECF No. 21-1]).

Link-Allen is not responsible for their conduct;[17] and that Link-Allen did not enter the picture until 2000, long after Dr. Orloff had purchased the policy.[18] In his Reply, Dr. Orloff argues that the Removal Defendants have not met their burden of demonstrating that Link-Allen is a sham defendant because none of the Removal Defendants' declarants have personal knowledge of the subject matter in their declarations and, therefore, the declarations are inadmissible.[19] Dr. Orloff also alleges that information that the Removal Defendants produced in discovery on October 29, 2020, identifies Link-Allen as a "concurrent producer" on his policies.[20]

      Dr. Orloff's argument survives by the barest of threads. His allegations that Defendants are in a joint venture together are little more than a legal conclusion. And his contention that Link-Allen sold him the policy, when the Removal Defendants offer ample evidence to show that it did not, is likewise flimsy. However, the policy attached to his Reply does identify Link-Allen as the co-producer of his policies.[21] Dr. Orloff need only show that there is ***any*** possibility of prevailing on a claim against Link-Allen. *Ritchey*, 139 F.3d at 1318. The existence of Link-Allen's name in the field for "Producer" on his policy suggests that Link-Allen is ***somehow*** connected to his policy, such that with more discovery Dr. Orloff may be able to demonstrate a joint venture and to succeed on one or more of his claims. The Court must resolve doubts regarding removability in Dr. Orloff's favor. Therefore, the Court finds that Link-Allen is

---

[17] Opposition at 2-3 (citing Decl. of Sophia Horsman at ¶¶ 3 & 4 (the "Horsman Declaration") [ECF No. 21-2]).
[18] Opposition at 6 (citing Horsman Declaration at ¶ 3 and Decl. of Cara Banchero (the "Banchero Decl.") [ECF No. 21-3] at 3).
[19] Reply at 6-9.
[20] *Id.* at 10 (citing Decl. of John Rowell [ECF No. 23] and Ex. A (the "Policy Summary")).
[21] Policy Summary at 3.

not a sham defendant, complete diversity does not exist, and this Court does not have jurisdiction over this action.

## V. <u>CONCLUSION</u>

For those reasons, the Court hereby **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: December 28, 2020

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE